J. B. HUDSON v. FREDERICK CLARK.

A. sold to B. a certain number of cattle in the range, guaranteeing that B. could find the greater portion of the cattle at certain localities by a brief search. In payment for the cattle, B. delivered to A. a carriage and his promissory note for $50, on which note C. was security for B. Failing to find the cattle, B. sued A. in the District Court on his guarantee, and introduced C. as a witness to prove the contract,—the note for $50 being still unpaid and outstanding against B. as principal and C. as his security. *Held*, that C. was not disqualified to testify in behalf of B. by reason of interest, but was a competent witness.

APPEAL from Dallas. Tried below before the Hon. N. M. Burford.

The appellee, Clark, brought this suit against the appellant for the recovery of damages sustained by breach of contract. The

petition set forth a contract by which Hudson sold to Clark a number of cattle in the range, stated at from forty to fifty, in consideration of a carriage and the note of Clark for fifty dollars, with John Horton as security. Clark was to gather the cattle, but Hudson guaranteed that he could find thirty-three head of them within three days search, and designated the localities, brands, &c. Having hunted for fifteen days and failed to find any of the cattle, Clark brought this suit upon the guarantee, claiming as damages the value of the carriage, his expenses incurred, &c. On the trial he introduced John Horton as a witness to prove the contract, who on preliminary examination stated that the fifty dollar note given by Clark as principal, and himself, the witness, as security, was still unpaid and outstanding against them; whereupon the defendant objected that the witness was incompetent by reason of interest. The court overruled the objection, and admitted the testimony. Verdict for plaintiff for one hundred and eighty-nine dollars; judgment accordingly; motion of defendant for a new trial overruled; and appeal taken.

*John J. Good*, for appellant.

*J. C. McCoy* and *E. P. Nicholson*, for appellee.

WHEELER C. J.—There manifestly is no error in the judgment. The witness had no interest in the event of the suit. Nor could the verdict and judgment in this suit be given in evidence for or against him in any suit then pending, or which might be instituted upon the fifty dollar note upon which he was a surety. He was not a party to the record, had no interest in the suit,—and the judgment which might be rendered in it, could in no way affect the decision of any other suit in which he might be a party. (11 Tex. R. 127.)

The judgment is affirmed.

Judgment affirmed.